# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF PUERTO RICO

PEDRO J. VARELA-FERNANDEZ
  Petitioner,

v.

NORMA BURGOS, SECRETARY OF
STATE OF THE COMMONWEALTH
OF PUERTO RICO,
  Respondent.

Civil No. 98-2287(HL)



## OPINION AND ORDER

Pending before the Court is respondent's Notice of Removal, filed November 17, 1998, seeking removal of the above case from the Superior Court of the Commonwealth of Puerto Rico, San Juan Part, to this Court. Also pending is respondent's request for declaratory judgment on the underlying issue.[1] For the reasons stated below, the Court hereby enters declaratory judgment in favor of petitioner Pedro J. Varela-Fernandez.

Petitioner commenced this action before the Superior Court of the Commonwealth of Puerto Rico, requesting a writ of mandamus to compel respondent, Norma E. Burgos,[2]

---



[1] Docket Nos. 1 & 8.

[2] Respondent Norma Burgos is hereby substituted by her successor Angel Morey, pursuant to Fed.R.Civ.P. 25(d)(1). *See also Negron Gaztambide v. Hernandez Torres*, 145 F.3d 410, 413 (1st Cir.1998).

Civil No. 98-2287 (HL)                    2

the Secretary of State ("the Secretary"), to authenticate his birth certificate with the official

seal of the Commonwealth of Puerto Rico.[3]  Respondent sought to remove the action to

this Court in February of 1998, arguing that the action inherently raised issues of federal

law such as the existence of a separate Puerto Rican nationality as recognized abroad, and

the validity of the requested document for international purposes.  Based on the arguments

before the Court, and the ultimate determination that the Secretary of State's certification

of a public document is "essentially a typical state cause of action," this Court, in civil case

number 98-1163 (SEC), entered an order remanding the case to the Superior Court of the

Commonwealth of Puerto Rico on July 30th, 1998.

On November 17, 1998, respondent again applied to this Court to remove the action

to federal court pursuant to 28 U.S.C. section 1331, claiming that the pleadings filed by

petitioner subsequent to this Court's remand establish that the action indeed arises under

the Constitution and laws of the United States.  Respondent bases this argument on the

following portions of petitioner's statements:

> Defendant's decision to refuse the certification requested was improper since
> defendant has the ministerial obligation of authenticating with her Seal as Secretary
> of State, all the documents submitted to her so that the same be *acknowledged
> abroad.*

---

[3]  Petitioner based this request on Article 58 of the Political Code of Puerto Rico (3
L.P.R.A. §§ 53 & 56), which grants authority to the Secretary to verify birth certificates, and
the Supreme Court of Puerto Rico decision in *Ramirez de Ferrer v. Mari Bras*, 97 JTS 134
(1997).

Civil No. 98-2287 (HL)                    3

> Said actions have caused, are causing and shall cause irreparable damages to
> petitioner, since he has not been able to obtain the requested certification to exercise
> the duties of his profession, as well as personal, *within and without Puerto Rico. . .*
> [4]

After thus highlighting the international aspect of petitioner's claim, respondent cites Title

18 U.S.C. section 1541 in the Request for Declaratory Judgment, arguing that petitioner's

request invades a clearly federal sphere, specifically:

> Whoever, acting . . . in any office or capacity under the United States or a State,
> without lawful authority grants, issues, or *verifies* any passport or *other instrument
> in the nature of a passport* to or for any person whomsoever . . . [shall be fined or
> imprisoned under this Title.].[5]

Title 18 U.S.C. § 1541 (emphasis added).  Thus,  respondent requests this Court issue a

declaratory judgment pursuant to 28 U.S.C. section 2201, holding that the issuance of the

requested document would violate 18 U.S.C. section 1541 because the document is an

"instrument in the nature of a passport."  While in civil case number 98-1163 (SEC), this

Court noted briefly in passing, in the prior denial of removal that petitioner's intention or

use of the certified document was irrelevant, in light of section 1541, the issuance of a

declaratory judgment now appears to be both justified and appropriate in resolving the

matter at hand, and hereby denies petitioner's request to remand.

---

[4] Docket No. 6, Exhibit B, translation of petitioner's Amended Petition for Mandamus..

[5] The term "State" is defined in section 1541 as amended in 1996, to include the District
of Columbia, and any commonwealth, territory, or possession of the United States.

Civil No. 98-2287 (HL)                    4

In order to address respondent's request for declaratory judgment, this Court first

needs to establish jurisdiction, particularly in light of the fact that petitioner asserts that he

has only plead a state law claim, and that any federal interest only arises as a defense.

Petitioner apparently relies on the "artful pleading doctrine," which establishes that a

plaintiff is customarily the master of his own claim, and can avoid removal or the

imposition of federal jurisdiction by pleading only state law claims. *Nashoba*

*Communications Limited Partnership No. 7 v. Town of Danvers*, 893 F.2d 435, 437 (1st

Cir. 1990). However, one exception to the "artful pleading doctrine" is the doctrine of

complete preemption. This doctrine establishes that although federal preemption is usually

a defense which alone is insufficient to establish jurisdiction, "[o]nce an area of state law

has been completely pre-empted, any claim purportedly based on that pre-empted state law

claim is considered, from its inception, a federal claim, and therefore arises under federal

law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987).

This Court holds that passport control must be governed solely by federal law, and

has been effectively pre-empted, if not specifically by statute, by federal common law. In

*Texas Indus., Inc. v. Radcliff Materials, Inc.*, the Supreme Court observed:

> [A]bsent some congressional authorization to formulate substantive rules of
> decision, federal common law exists only in such narrow areas as those concerned
> with the rights and obligations of the United States, interstate and international
> disputes implicating the conflicting rights of States or our relations with foreign
> nations, and admiralty cases. In these instances, our federal system does not permit
> the controversy to be resolved under state law, either because the authority and
> duties of the United States as sovereign are intimately involved or because the

Civil No. 98-2287 (HL)                    5

> interstate or international nature of the controversy makes it inappropriate for state
> law to control.

451 U.S. 630, 641, (1981) (footnotes omitted).  Insofar as petitioner has requested a

certified birth certificate for international travel or identification, his request invokes a

sovereign duty of the United States which most intimately involves international issues,

and which is inappropriate for submission to state law.[6]  Petitioner's request clearly

necessitates a federal rule of decision "to protect uniquely federal interests." *Banco*

*Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 426 (1964) .

The Congress has long reserved strict power and control over passport issuance, to

such a degree that any State officer who even verifies a document *in the nature* of a

passport, has violated Title 18 U.S.C. section 1541, and can be imprisoned for up to

twenty-five years.  Since the statute prohibits the verification of both passports and other

"instruments in the nature of a passport," the Court must determine what constitutes such

an instrument.  The obvious definition is that an instrument is in the nature of a passport if

that instrument is intended to function as a passport.  Since international travel and

identification are clearly functions reserved to a United States passport, petitioner's

avowed interest in using a State-verified birth certificate for international travel and

identification is clearly a request for an instrument in the nature of a passport, and

---

[6] *Cf. Lozada Colon v. U.S. Dep't. of State*, 170 F.3d 191 (D.C.Cir. 1999) (*cert. denied* Nov. 15, 1999) (a related document, a Certificate of Loss of Nationality, is also governed by federal law.  8 U.S.C. § 1501).

Civil No. 98-2287 (HL)                    6

consequently becomes an issue of federal law.  Thus, to the extent that petitioner intends to use a verified birth certificate for international purposes, this Court has jurisdiction, and enters declaratory judgment that the Secretary may not verify petitioner's birth certificate for international purposes.

Although neither party has raised the issue of Eleventh Amendment immunity, this Court hereby addresses the issue *sua sponte* as it is integral to a determination of federal jurisdiction. While the Eleventh Amendment generally protects the state or arm of the state from suit in federal court, there is no question that a state may waive its immunity and consent to be sued in federal court, provided such consent is "unequivocally expressed." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 (1984).  The Supreme Court has directed that waiver may only be established "by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Edelman v. Jordan*, 415 U.S. 651, 673 (1974).

This Court holds that the Secretary's action of voluntary removal to federal court, repeated statements such as "[d]efendant once more submits that the Court has jurisdiction to entertain this case removed from commonwealth court," and separate application to this Court to enter declaratory judgment even if this Court were to remand the case to commonwealth court, are sufficient grounds to find defendant has consented, if not sought out, the federal forum, and thereby waived Eleventh Amendment immunity.  Docket No. 8. *See Paul N. Howard Co. v. PRASA*, 744 F.2d 880, 886 (1ˢᵗ Cir. 1984), *cert. denied*, 469

Civil No. 98-2287 (HL)                    7

U.S. 1191 (waiver found where defendant made an appearance and filed a counterclaim and third-party complaint in federal court); *Newfield House, Inc. v. Massachusetts Department of Public Welfare*, 651 F.2d 32, 36 n. 3 (1st Cir. 1981) (waiver found where defendant sought removal, argued Eleventh Amendment did not bar federal jurisdiction, and filed a counterclaim); *Clark v. Barnard*, 108 U.S. 436, 447 (1883) (waiver found where state defendant made general appearance in federal proceeding).[7]

Consequently, the Court hereby **denies** petitioner's request to remand, and enters declaratory judgment ordering the Secretary to authenticate petitioner's birth certificate, but with a stamp thereon adding: **NOT VALID FOR INTERNATIONAL TRAVEL.**[8] The Court enters this order of declaratory judgment so as to clarify the federal rights and duties of the parties in regard to an "instrument in the nature of a passport."[9]

_____

[7] Alternatively, this Court notes that even if respondent had not waived immunity, the Eleventh Amendment permits a federal court to "enjoin state officials to conform future conduct to the requirements of federal law." *Ramirez v. Puerto Rico Fire Service*, 715 F.2d 694, 697 (1983).

[8] The Court is mindful that birth certificates are commonly used by citizens in Puerto Rico to travel to countries such as the Dominican Republic and the British Virgin Islands, countries which accept both birth certificates and passports for travel. This ruling does not in any way address that situation, and is only applicable to those instances like the case at bar, where a request is made to the Puerto Rico State Department to authenticate a birth certificate issued by the Health Department to be used as an instrument in the nature of a passport.

[9] The Declaratory Judgment Act provides in pertinent part that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party

Civil No. 98-2287 (HL)                    8

WHEREFORE, the Court hereby **denies** petitioner's request to remand the present action, and enters declaratory judgment ordering the Secretary to authenticate petitioner's birth certificate, but with the aforementioned limitation noted thereon.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 15, 1999.

HECTOR M. LAFFITTE
Chief U.S. District Judge.

---

seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).